Gaston, Judge,
after stating the pleadings as above set forth, proceeded:
The last ground of defence taken in this answer, which has been also,.but not so distinctly urged in the answer of Hutton & Horton, may be promptly disposed of. The agreement that gives rise to the present controversy was avowedly made in relation to both the judgments. According to that agreement the plaintiffs in the judgments were to be at liberty to sue forth an execution upon either of them, for the whole of the sum ascertained to be due, but they were not to collect from hath of them more than the sum truly due. The resort to a defence' so disingenious is calculated to hurt the cause that adopts it — but we will consider the main defence relied upon, altogether unprejudiced thereby.
The real dispute in this case is betweén the estate pf the deceased Stephen L. Ferrand, represented by the plaintiff on the one hand, and the defendants Hutton & Horton on the other. Irwin & Co. set up no claim to the money in dispute, and. Tarrance is insolvent. And the dispute is not what shall be finally decreed between these parties upon the hearing, but what is the proper disposition of the subject until a hearing of the cause can be had. The decision of this question depends upon the proper construction of the agreement so often referred to, and the established usages of courts of equity.
There is no pretence that the highly respectable professional gentleman (Mr. Henry), who subscribed that agreement, ejther transcended his authority, or acted without the full approbation of his constituents. Hutton & Horton do not complain that this agreement was made in violation, or in fraud of their rights, unless it should be construed to have intended a release of their demands. They were on the spot where the suits were prosecuted, and the suits were instituted as they say at their request. It can scarcely be doubted but that they were privy to the agreement, and assented thereto. But however this may be, it was known to the at *18 torney of the plaintiffs in the suits when the agreement was entered into, that they set up some claim under, or upon the notes, which was not admitted by the endorsers, and it was his purpose — that of those whom he represented, and of the defendants in the suits, that in the rendition of the judgments, this claim should not be passed upon. Nothing in regard to its validity or invalidity was to be determined thereby.— Unquestionably the defendants Hutton & Horton are right in insisting that by the agreement it was not intended to release, surrender or discharge their claim. The judgments were severally taken for the full amount of principal and interest of each note, not only to secure the payment to the plaintiffs of the part thereof which by the agreement was shown to be due to them, but to stand also as securities for any other person who had claims founded on the notes. It is contended by the defendants Hutton & Horton, that they are entitled to have the benefit of these securities, because of advances made upon the faith of these notes, to the amount of $I843tW, and^ if this .allegation of theirs be established, they will have a right in the name of Irwin & Co., to collect that amount upon these judgments. They would have had this right without an assignment, and as that transfers no legal interest, they have this right and no more under the assignment. Irwin & Co. are still the legal proprietors of these judgments, and this court will hold them to be trustees thereof for those beneficially entitled to the uncollected moneys thereon. But certainly upon a fair construction of the agreement it must first be established that the claim of Hutton & Horton is well founded before they are entitled to any control over the judgments. When these were rendered the claim was characterised as a pretension which,^whether true or false, was wholly unknown to those in whose favor the judgments were rendered, and upon the truth or falsehood of which they were not to determine.— From the controversy in regard to this claim they were to keep aloof, and in its prosecution they were to be wholly neutral. The claim was to be settled between the parties averring and contesting it — amicably if they could, by a resort to the courts of justce if they ¿could not. To arm one of these parties with the power of collecting all that is demanded *19 from the other, before any settlement of the controversy — to give him this decided advantage in the beginning of the dicial contest — would be to observe a singular sort of neutrality. While the agreement stands this cannot be permitted.
where an, íhiswgP admits the arTinjune-an avoid-the injimc-“eaun§‘
The defendants in this case seek to put an absurd construction upon the agreement, when they insist that the endorsers were to have time by it to disprove the claim. It is according to the ordinary notions of justice that a disputed claim should be proved. Until it is prima facie established, de-fence against it is not to be asked. Where, how and before whom is the claim to be disproved 1 The agreement shows that unless the parties came to an amicable arrangement, the claim was to be proved, and if the judgments produced difficulties in opposing it, the judgments themselves should be set aside, and new trials allowed so as to leave the controversy one entirely new.
The usages of the court are consistent with the course which the agreements indicates as proper to observe. The equity of the bill in substance is, that the note in this case was received by the plaintiffs at law dnly as a security for their advances, and these have been paid. This equity is not denied. The plaintiffs at law admit that they have no right to the money sought to be collected. But a new claim is introduced in behalf of persons not parties to the judgment, who pray to have the benefit of it, to secure a demand which has never yet been passed upon by any tribunal. It may be that this claim is just, and therefore it is right that an opportunity should be afforded to show it. But non constat that it is just. The oath of the defendants shows no more than that they so believe, and it is not an oath responsive to or deny- " i j ing any of the allegations in the bill. It is the settled rule that when the equity of a bill is not denied by the answer, but a new equity is thereby introduced to repel or avoid —the injunction will not be dissolved by such an answer; but shall be continued until the hearing of the cause. It is the opinion of this court that the interlocutory order dissolving the injunction in this cause was erroneous, and that said injunction ought to have been continued until the final bearing of the cause. A certificate to this effect must be *20 forwarded to the court of equity for the county of Rowan, instructions to proceed accordingly.
Per Curiam. Decree reversed.